**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DVORA WEINSTEIN and STEVEN S. WEINSTEIN, Individually and On Behalf of All Others Similarly Situated,<br>Plaintiff,<br>vs.<br>AUBREY K. McCLENDON and CHESAPEAKE ENERGY CORPORATION,<br>Defendants. | Case No. 5:12-cv-465-M<br>Chief Judge Vicki Miles-LaGrange |
| OPERATING ENGINEERS CONSTRUCTION INDUSTRY AND MISCELLANEOUS PENSION FUND, Individually and On Behalf of Others Similarly Situated,<br>Plaintiff,<br>vs.<br>AUBREY K. McCLENDON, DOMENIC J. DELL'OSSO, JR., MICHAEL A. JOHNSON, RICHARD K. DAVIDSON, KATHLEEN EISBRENNER, V. BURNS HARGIS, FRANK KEATING, CHARLES T. MAXWELL, MERRILL A. MILLER, JR., DON NICKLES, MARCUS ROWLAND, FREDRICK B. WHITTEMORE, LOUIS A. SIMPSON, and CHESAPEAKE ENERGY CORPORATION,<br>Defendants. | Case No. 5:12-cv-640-M<br>Chief Judge Vicki Miles-LaGrange |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ONTARIO TEACHERS' PENSION PLAN BOARD FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

MOTION ..... 1

MEMORANDUM OF LAW ..... 1

PRELIMINARY STATEMENT ..... 1

FACTUAL BACKGROUND ..... 3

ARGUMENT ..... 5

I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..... 5

II. ONTARIO TEACHERS' SHOULD BE APPOINTED LEAD PLAINTIFF ..... 7

A. The PSLRA Standard for Appointing Lead Plaintiff ..... 7

B. Ontario Teachers' Is the "Most Adequate Plaintiff" ..... 8

1. Ontario Teachers' Has Satisfied the PSLRA's Procedural Requirements ..... 8

2. Ontario Teachers' Has the Largest Financial Interest in the Outcome of the Action ..... 9

3. Ontario Teachers' Satisfies Rule 23's Typicality and Adequacy Requirements ..... 9

4. Ontario Teachers' Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA ..... 12

III. THE COURT SHOULD APPROVE ONTARIO TEACHERS' CHOICE OF COUNSEL ..... 14

CONCLUSION ..... 16

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)........................................................................ 12, 14

*Friedman v. Quest Energy Partners LP*,
261 F.R.D. 607 (W.D. Okla. 2009)................................................................ 10, 11

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)........................................................................... 6

*Martin v. Atchison Casting Corp.*,
200 F.R.D. 453 (D. Kan. 2001)..................................................................... 6, 12

*Mishkin v. Zynex, Inc.*,
Civ. A. No. 09-cv-780, 2010 WL 749864 (D. Colo. Mar. 3, 2010) ............................. 6

*Morrison v. Nat'l Australia Bank Ltd.*,
130 S. Ct. 2869 (2010) ......................................................................................... 2

## DOCKETED CASES

*In re Am. Int'l Group, Inc. Sec. Litig.*,
No. 04-cv-8141 (S.D.N.Y. 2004)...................................................................... 14

*In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*,
MDL No. 1963 (S.D.N.Y.) .................................................................................. 15

*In re Biovail Corp. Sec. Litig.*,
No. 03-cv-8917 (S.D.N.Y.)................................................................................. 14

*In re Countrywide Fin. Corp. Sec. Litig.*,
No. 07-cv-5295 (C.D. Cal. 2007) ....................................................................... 15

*In re HealthSouth Corp. Sec. Litig.*,
No. 03-cv-1501 (N.D. Ala. 2003)....................................................................... 15

*In re Monster Worldwide, Inc. Sec. Litig.*,
No. 07-cv-2237, Hr'g Tr. at 24:25-25:1 (S.D.N.Y. June 14, 2007)............................ 16

*In re Nortel Networks Corp. Sec. Litig.*,
No. 05-md-1659 (S.D.N.Y.) ........................................................................ 13

*In re Oppenheimer Champion Income Fund Sec. Fraud Class Action*,
No. 09-cv-386 (D. Colo.) ........................................................................ 15

*In re Core Bond Fund*,
No. 09-cv-1186 (D. Colo.) ........................................................................ 15

*In re Williams Cos., Inc. Sec. Litig.*,
No. 02-cv-72 (N.D. Okla.) ........................................................................ 13

**FEDERAL STATUTES**

15 U.S.C. § 78u-(4)(a) *et seq*. ........................................................................ *passim*

Fed. R. Civ. P. 23(a) ........................................................................ 10, 11

**MISCELLANEOUS**

Randall S. Thomas, *Public Pension Funds as Shareholder Activists: A Comment on Choi and Fisch*, 61 Vand. L. Rev. En Banc 1 (2008)........................ 14

## MOTION

Ontario Teachers' Pension Plan Board ("Ontario Teachers'") respectfully moves this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995, for the entry of an order: (1) consolidating the above-captioned, related securities fraud actions (collectively, the "Action"); (2) appointing Ontario Teachers' as Lead Plaintiff for a class of purchasers (the "Class") of securities of Chesapeake Energy Corporation ("Chesapeake" or the "Company") from April 30, 2009 and May 10, 2012, inclusive (the "Class Period")[1]; and (3) approving Ontario Teachers' selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Richardson, Richardson, Boudreaux, Keesling, PLLC ("RRBK") as Local Counsel for the Class. This motion is supported by the accompanying Memorandum of Law, the Declaration of Michael W. Stocker and exhibits annexed thereto, the prior pleadings and proceedings herein, and other such written or oral argument as may be permitted by the Court.

## MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

Ontario Teachers'—an institutional investor with approximately $114.6 billion in assets under management and a long history of investor advocacy—respectfully submits that it should be appointed Lead Plaintiff on behalf of purchasers of Chesapeake securities during the Class Period. Ontario Teachers' satisfies all of the prerequisites for

---

[1] The complaints filed against Chesapeake assert different class periods. After it is appointed, the lead plaintiff will reconcile the different class periods upon filing a consolidated complaint.

lead plaintiff appointment. As set forth in detail below, Ontario Teachers' incurred a loss of more than $33.1 million, as calculated under the first-in-first-out ("FIFO") loss calculation method, and a loss of more than $23.3 million, as calculated under the last-in-first-out ("LIFO") loss calculation method from its purchases of Chesapeake stock on the New York Stock Exchange (the "NYSE").[2] Accordingly, Ontario Teachers' has a significant economic interest in directing the litigation and recovering the losses suffered by its fund beneficiaries—an interest believed to be greater than that of any competing movant.

Ontario Teachers' also meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of those of absent Class members, and it will fairly and adequately represent the interests of the Class. Like the other members of the putative Class, Ontario Teachers' seeks recovery of losses incurred as a result of declines in the share price of Chesapeake securities listed and registered on the NYSE in the United States. *See Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869, 2886 (2010) (holding that Section 10(b) applies to securities listed and registered on a U.S. stock exchange, irrespective of the nationality of the shareholder). Indeed, the PSLRA's legislative history shows that Ontario Teachers'

---

[2] A copy of the PSLRA-required Certification submitted by Ontario Teachers' is attached as Exhibit A to the Declaration of Michael W. Stocker (the "Stocker Declaration"), submitted herewith. This Certification sets forth all transactions of Ontario Teachers' in Chesapeake common stock during the Class Period. In addition, a chart reflecting the calculation of the financial losses of Ontario Teachers' on Chesapeake common stock purchased during the Class Period is attached as Exhibit B to the Stocker Declaration.

is precisely the type of sophisticated institutional investor whose participation in securities class actions the PSLRA was meant to foster. In addition, Ontario Teachers' prior experience serving as lead plaintiff, including achieving a highly successful recovery for investors in this Circuit, will benefit the Class. In short, Ontario Teachers' is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Ontario Teachers' also respectfully requests that the Court approve its choice of Lead Counsel and Local Counsel. Ontario Teachers' choice for Lead Counsel, Labaton Sucharow, is a nationally recognized securities class action firm that has recovered billions of dollars in damages for injured shareholders. Ontario Teachers' choice for Local Counsel, RRBK, is a respected Oklahoma-based firm with more than 28 years of experience in Oklahoma courts. Labaton Sucharow and RRBK are eminently qualified to prosecute this case and have extensive experience in securities class action litigation.

## FACTUAL BACKGROUND

Pending before the Court is a securities class action brought against: (1) Chesapeake, the nation's second-largest producer of natural gas;[3] (2) Aubrey K. McClendon, the Company's co-founder, Chairman of the Board of Directors (the "Board"), and Chief Executive Officer ("CEO McClendon"); (3) Domenic J. Dell'Osso, Jr., the Company's Executive Vice President of Finance and Chief Financial Officer; (4) Michael A. Johnson, President of Accounting, Controller, and Chief Accounting Officer; and (5) ten other members of the Company's Board (collectively,

[3] Chesapeake is incorporated and headquartered in Oklahoma. The Company's common stock trades on the NYSE under the ticker symbol "CHK."

"Defendants"), for violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder.

The Action alleges that, throughout the Class Period, Defendants concealed conflicts of interest between the Company and CEO McClendon, the risks to which the Company was exposed due to these conflicts of interest, and the extent of the Company's off-balance sheet liabilities. Specifically, Defendants failed to disclose: (1) the significant debt to which CEO McClendon was subject, having leveraged all of his holdings in Company wells through the Company's Founder Well Participation Program (the "FWP Program") and having borrowed hundreds of millions of dollars in personal loans, which placed him in a position at odds with the Company's interests; (2) that McClendon had received hundreds of millions of dollars in loans from an entity that was simultaneously purchasing assets from Chesapeake; (3) that McClendon had operated a hedge fund that traded in the same commodities that Chesapeake produces and hedges to offset against low natural gas prices; (4) that the Company's business strategy of expanding its oil and gas program through the acquisition of land and drilling rights and the drilling of new wells was designed to benefit McClendon rather than serve the best interests of the Company; and (5) the level of indebtedness to which the Company was subject pursuant to its sales of futures contracts through volumetric production payments ("VPPs").

Beginning on April 18, 2012, Defendants' fraud came to light through a series of disclosures that included the following revelations. On April 18, 2012, *Reuters* published an exposé revealing that McClendon had financed his participation in the FWP Program

through pledges of his interests in wells drilled by Chesapeake, amassing personal loans of as much as $1.1 billion from a lender that concurrently bought valuable assets from Chesapeake.

Another apparent conflict of interest involving McClendon was disclosed on May 2, 2012 by *Reuters*, which published an article revealing that McClendon ran a $200 million hedge fund that traded in the same commodities Chesapeake produces. The Company's business strategy was called into question on May 9, 2012, when Moody's Investors Service downgraded its outlook for Chesapeake's credit rating from "stable" to "negative," citing "escalating execution risk of Chesapeake's plan for funding its large capital spending budget, rising leverage metrics and accompanying liquidity concerns." Then, on May 10, 2012, *The Wall Street Journal* disclosed that Chesapeake's off-balance sheet liabilities related to its VPPs were far larger than previously believed by investors and analysts.

As a result of these and other corrective disclosures, the Action alleges that Chesapeake's stock, which closed on April 17, 2012 at $19.12 per share, dropped as the fraud was revealed to ultimately close at $14.81 per share on May 11, 2012.

The Company's improper conduct and the revelations thereof have caused Chesapeake shareholders to lose hundreds of millions of dollars.

## ARGUMENT

## I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA requires the Court to consider a motion to consolidate prior to deciding a motion for appointment of lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii)

(instructing courts not to appoint a lead plaintiff until after ruling on a motion to consolidate); *Martin v. Atchison Casting Corp.*, 200 F.R.D. 453, 455 (D. Kan. 2001) (noting that the court should appoint a lead plaintiff after rendering a decision on a motion to consolidate). Consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") is proper when actions involve common questions of law and fact. *Id.* at 454; *see also Mishkin v. Zynex, Inc.*, Civ. A. No. 09-cv-780, 2010 WL 749864, at *1 (D. Colo. Mar. 3, 2010) (same). The Court has broad discretion under this Rule to consolidate cases pending within the District. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) ("The trial court has broad discretion to determine whether consolidation is appropriate."). Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See, e.g.*, *Martin*, 200 F.R.D. at 455 ("Consolidating these cases will be the most efficient solution for the court and will ease the burden of litigation on the parties.").

Two related securities class actions against the Defendants are presently on file in this Court. These actions present substantially similar factual and legal issues, arise from the same alleged scheme by Defendants, and allege violations of federal securities laws. Each action alleges claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, names the same or similar defendants, and stems from the same underlying facts and circumstances. Because these actions are based on the same facts and involve the same subject matter, discovery obtained in these lawsuits will undoubtedly be relevant to all others and similar class certification issues will be relevant to all the related actions.

Accordingly, consolidation of the actions is appropriate under Rule 42(a) and the PSLRA, and Ontario Teachers' respectfully submits that these actions should be consolidated.

## II. ONTARIO TEACHERS' SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. Ontario Teachers' Is the "Most Adequate Plaintiff"

Ontario Teachers' respectfully submits that it is the presumptively "most adequate plaintiff" because it has complied with PSLRA procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements.

#### 1. Ontario Teachers' Has Satisfied the PSLRA's Procedural Requirements

Ontario Teachers' filed this Motion to serve as lead plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Action caused notice regarding the pending nature of this case to be published on April 26, 2012 in *PR Newswire*, a widely-circulated, national, business-oriented news

reporting wire service. *See* Notice, Stocker Decl. Ex. C. Thus, as permitted by the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before June 25, 2012. Ontario Teachers' has filed its motion within the required time frame.

### 2. Ontario Teachers' Has the Largest Financial Interest in the Outcome of the Action

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

During the Class Period, Ontario Teachers' suffered substantial losses of approximately $33,102,080 calculated under the FIFO method of accounting for purchases and sales, and $23,327,812 calculated under the LIFO method of accounting for purchases and sales. *See* Loss Analysis, Stocker Decl. Ex. B. Ontario Teachers' is presently unaware of any other movant with a larger financial interest in the outcome of the Action. Consequently, and because it also satisfies Rule 23's typicality and adequacy requirements, Ontario Teachers' is entitled to the legal presumption that it is the most adequate plaintiff.

### 3. Ontario Teachers' Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to the largest financial interest requirement, the PSLRA also directs that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(cc). With respect to class certification, Rule 23(a)

requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). However, at the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) ("Of the four prerequisites [of Rule 23(a)], only two—typicality and adequacy—directly address the personal characteristics of the class representative and, thus, typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA.").

**(a) Ontario Teachers' Claims Are Typical of Those of the Class**

Pursuant to Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "when the representative plaintiffs' claims arise from the same event, practice or course of conduct that provides the basis of class claims and are grounded in the same legal or remedial theory." *Id.* (citation omitted). Notably, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy the typicality requirement. *Id.* (citation omitted).

The typicality requirement is satisfied here because Ontario Teachers', which is not subject to any unique or special defenses, seeks the same relief and advances the same legal theories as other Class members. Like all members of the Class, Ontario Teachers': (1) purchased or acquired Chesapeake common stock during the Class Period;

(2) at allegedly artificially-inflated prices as a result of Defendants' alleged misrepresentations and omissions; and (3) suffered damages as a result. *See id.* at 613 (discussing the typicality requirement). These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class' claims, satisfy Rule 23(a)(3)'s typicality requirement.

**(b) Ontario Teachers' Will Fairly and <u>Adequately Protect the Interests of the Class</u>**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when the proposed lead plaintiff demonstrates: "[(1)] the existence of common interests between the proposed lead plaintiff[] and the class, and [(2)] a willingness on the part of the proposed lead plaintiff to vigorously prosecute the action." *Friedman*, 261 F.R.D. at 613 (citation omitted).

Ontario Teachers' will fairly and adequately represent the interests of the proposed Class. No antagonism exists between Ontario Teachers' interests and those of the absent Class members; rather, the interests of Ontario Teachers' and Class members are squarely aligned. In addition, Ontario Teachers' has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v) (setting forth the requirements for timely motions and lead plaintiff's selection of counsel). Ontario Teachers' incurred substantial losses due to

Defendants' alleged fraud and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of the Action. Accordingly, Ontario Teachers' satisfies the adequacy requirement.

### 4. **Ontario Teachers' Is Precisely the Type <u>of Lead Plaintiff Envisioned by the PSLRA</u>**

In addition to satisfying the requirements of Rule 23, Ontario Teachers'—a large, sophisticated institutional investor—is the type of investor Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions. Congress noted in its PSLRA Statement of Managers Report that the PSLRA was formulated "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733); *see also Martin*, 200 F.R.D. at 456 (noting that "the purpose of the [PSLRA's] requirement that the most adequate plaintiff be appointed is to ensure that institutional investors with expertise in securities and strong financial interests in the outcome of the litigation control the course of the lawsuit").

Originally established in 1917, Ontario Teachers' is the largest single-profession pension plan in Canada and one of Canada's largest institutional investors. Ontario Teachers' oversees and manages the retirement income needs of more than 180,000

teachers in elementary and secondary schools in the Province of Ontario, 120,000 pensioners, and 68,000 inactive members, and had approximately $114.6 billion in assets under management as of December 31, 2011.

Ontario Teachers' is a sophisticated institutional investor with sufficient resources to adequately prosecute the Action and supervise Class counsel. Ontario Teachers' understands the fiduciary duties of a lead plaintiff, is willing to oversee the vigorous prosecution of the Action, and has pledged to "provid[e] testimony at deposition and trial, if necessary." *See* Certification, Stocker Decl. Ex. A.

Ontario Teachers' also has substantial experience in this Circuit and elsewhere with actively overseeing the prosecution of complex securities class action lawsuits as a lead plaintiff. Ontario Teachers' served as co-lead plaintiff in *In re Williams Companies, Inc. Securities Litigation*, No. 02-cv-72 (N.D. Okla.), which resulted in a recovery of $311 million for the class—the largest ever securities class action settlement in Oklahoma federal courts, and the second largest securities class action settlement in the Tenth Circuit. In addition, as co-lead plaintiff in *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659 (S.D.N.Y.), Ontario Teachers' secured a $1.07 billion settlement that included extensive corporate governance reforms on behalf of investors. Ontario Teachers' also served as lead plaintiff in *In re Biovail Corp. Securities Litigation*, No. 03-cv-8917 (S.D.N.Y.), which resulted in a recovery of $138 million for the class.

The active involvement of Ontario Teachers' in prosecuting securities fraud cases reflects its commitment to redressing instances of wrongdoing in U.S. securities markets. Ontario Teachers' is known worldwide as an active and involved shareholder, and has

been instrumental in working with its peers in achieving not only significant and meaningful results for class members in securities fraud litigation, but also in the general area of improving corporate governance through proxy voting, board involvement, and lobbying for greater enforcement of securities regulations. When appropriate and feasible, Ontario Teachers' has consistently sought to improve corporate governance as part of settlement negotiations of securities fraud cases it has prosecuted. Its lengthy track record of investor activism also gives it the ability to effectively oversee the litigation of the Action.[4]

Thus, as demonstrated herein, Ontario Teachers' is the paradigmatic lead plaintiff contemplated by the PSLRA.

## III. THE COURT SHOULD APPROVE ONTARIO TEACHERS' CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *Cendant*, 264 F.3d at 274.

Labaton Sucharow, Ontario Teachers' selection for Lead Counsel, has excelled as lead counsel in numerous important actions on behalf of defrauded investors. Labaton Sucharow is lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y. 2004), in which it recently achieved settlements

---

[4] *See, e.g.*, Randall S. Thomas, *Public Pension Funds as Shareholder Activists: A Comment on Choi and Fisch*, 61 Vand. L. Rev. En Banc 1, 8 (2008) (citing Ontario Teachers' for its "shareholder activism").

totaling approximately $1 billion. Just this month, Labaton Sucharow negotiated $294.9 million in preliminarily-approved partial settlements as co-lead counsel in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, MDL No. 1963 (S.D.N.Y.). In addition, Labaton Sucharow was lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal. 2007), which resulted in a settlement of $624 million—the largest securities fraud settlement arising from the financial crisis of 2007 to 2008. Labaton Sucharow also served as co-lead counsel in *In re HealthSouth Corp. Securities Litigation*, No. 03-cv-1501 (N.D. Ala. 2003), the largest securities fraud action arising out of the healthcare industry, which resulted in a total settlement amount of $804.5 million for the class. Labaton Sucharow has also achieved noteworthy results for investors in the Tenth Circuit, securing settlements totaling $100 million in two class actions against OppenheimerFunds, Inc., *In re Oppenheimer Champion Income Fund Securities Fraud Class Action*, No. 09-cv-386 (D. Colo.), and *In re Core Bond Fund*, No. 09-cv-1186 (D. Colo.). Labaton Sucharow is currently serving as the court-appointed lead or co-lead counsel in the securities fraud cases against Federal National Mortgage Association (Fannie Mae), Satyam Computer Services Ltd., Goldman Sachs Group, Inc., MF Global Holdings Ltd., and Netflix, Inc., among other significant investor class actions. In *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-2237, Hr'g Tr. at 24:25-25:1 (S.D.N.Y. June 14, 2007), Judge Jed S. Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its representation." *See also* Labaton Sucharow Firm Resume, Stocker Decl. Ex. D.

RRBK is one of the Oklahoma's leading plaintiffs' law firms, routinely handling clients' needs throughout Oklahoma, the United States, and internationally. RRBK primarily practices in the state courts of Oklahoma, all U.S. District Courts of Oklahoma, and the U.S. Court of Appeals for the Tenth Circuit. In its 28-year history RRBK has achieved verdicts and settlements in excess of $250 million in a wide-range of state and federal cases, including class actions, *qui tam* claims, and multi-district litigation. *See also* RRBK Firm Resume, Stocker Decl. Ex. E.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Ontario Teachers' selection of Labaton Sucharow as Lead Counsel for the Class and RRBK as Local Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Ontario Teachers' respectfully requests that the Court: (1) consolidate the above-captioned, related securities fraud actions; (2) appoint Ontario Teachers' as Lead Plaintiff; and (3) approve Ontario Teachers' selection of Labaton Sucharow as Lead Counsel for the Class and RRBK as Local Counsel for the Class.

Dated: June 25, 2012

Respectfully submitted,

/s/ *David Keesling*

David Keesling
Heidi Shadid
**RICHARDSON, RICHARDSON, BOUDREAUX, KEESLING, PLLC**
7447 South Lewis Avenue
Tulsa, Oklahoma 74136

Telephone: (918) 492-7674
Facsimile: (918) 493-1925
E-mails: drk@rrbklaw.com
hls@rrbklaw.com

*Proposed Local Counsel for the Class*

Christopher J. Keller *(pro hac vice pending)*
Joseph A. Fonti *(pro hac vice pending)*
Javier Bleichmar *(pro hac vice pending)*
Michael W. Stocker *(pro hac vice pending)*
Dominic J. Auld *(pro hac vice pending)*
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Emails: ckeller@labaton.com
jfonti@labaton.com
jbleichmar@labaton.com
mstocker@labaton.com
dauld@labaton.com

*Counsel for Ontario Teachers' Pension Plan Board and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of June 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John E. Barbush
**John E. Barbush PC**
120 N Robinson Ave, Suite 2700
Oklahoma City, Oklahoma 73102
Telephone: (405) 604-3098
Facsimile: (405) 604-7503
Email: j.barbush@coxinet.net

*Counsel for Plaintiffs Dvora Weinstein and Steven S. Weinstein*

John W. Norman
L. Mark Bonner
**Norman & Edem PLLC**
127 NW 10th St
Oklahoma City, Oklahoma 73103
Telephone: (405) 272-0200
Facsimile: (405) 235-2949
Emails: jwn@nemw.com
lmb@nemw.com

*Counsel for Operating Engineers Construction Industry and Miscellaneous Pension Fund*

/s/ *David Keesling*

David Keesling
Heidi Shadid
**RICHARDSON, RICHARDSON, BOUDREAUX, KEESLING, PLLC**
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
Telephone: (918) 492-7674
Facsimile: (918) 493-1925
E-mails: drk@rrbklaw.com
hls@rrbklaw.com