# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DVORA WEINSTEIN and STEVEN S. WEINSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>vs.<br><br>AUBREY K. McCLENDON and CHESAPEAKE ENERGY CORPORATION,<br><br>              Defendants. | Case No. CIV-12-465-M |

## ORDER

Before the Court are the Ontario Teachers' Pension Plan Board's ("Ontario Teachers'") Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel; the Chesapeake Investor Group's Motion for Appointment as Lead Plaintiff, Approval of Co-Lead and Liaison Counsel, and Consolidation; and the State Universities Retirement System of Illinois' Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, all filed June 25, 2012.[1] On July 3, 2012, the State of Oregon, a part of the Chesapeake Investor Group, filed a Notice of Non-Opposition to Motions for Appointment as Lead Plaintiff, Approval of Lead Counsel, and Consolidation, noting its non-opposition to the appointment of Ontario Teachers' as lead plaintiff. On July 11, 2012, Ibi Amban Investment Management Ltd., Clal Pension & Provident Fund Ltd., and the Arkansas Public Employees

---

[1] Shi Yan also filed a Motion to Consolidate Related Actions, to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel. On July 6, 2012, Shi Yan filed a Notice of Withdrawal of Motion of Shi Yan to Consolidate Related Actions, to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel. In his notice, Mr. Yan endorses Ontario Teachers' motion to be appointed lead plaintiff.

Retirement System, the remaining part of the Chesapeake Investor Group, filed a Notice of Non-Opposition to Motions for Appointment as Lead Plaintiff, Approval of Lead Counsel, and Consolidation, noting their non-opposition to the appointment of Ontario Teachers' as lead plaintiff. On July 16, 2012, the State Universities Retirement System of Illinois filed its Response to Competing Motions for Appointment as Lead Plaintiff. In its response, the State Universities Retirement System of Illinois states that it recognizes that Ontario Teachers' claims to have suffered the greatest losses. Finally, on July 17, 2012, Ontario Teachers' filed its response.

A.   Consolidation

In the above-referenced motions, the parties move to consolidate the instant action with a second action, *Operating Engineers Construction Industry and Miscellaneous Pension Fund v. McClendon, et al.*, Case No. CIV-12-640-M ("Operating Engineers Case"). On June 25, 2012, the Operating Engineers Case was voluntarily dismissed. Accordingly, the Court finds that the motions to consolidate are now moot.

B.   Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiffs Dvora Weinstein and Steven S. Weinstein caused notice regarding this action to be published on April 26, 2012 in *PR Newswire*, a widely-circulated, national, business-oriented news reporting wire service. Within 60 days after publication of the required notice, any

member of the proposed class may file a motion with the court seeking to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A),(B). Thus, the deadline for filing a motion for appointment as lead plaintiff in this case was June 25, 2012. All of the above-referenced motions were filed on June 25, 2012, and, thus, were timely filed.

Next, under the PSLRA, this Court shall appoint as lead plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the act provides that:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption may only be rebutted in very limited circumstances by "proof by a member of the purported class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Having carefully reviewed the submissions, and noting the non-oppositions filed to the appointment of Ontario Teachers' as lead plaintiff, the Court finds that Ontario Teachers' should

be appointed lead plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B). Specifically, the Court finds that Ontario Teachers' satisfies all of the requirements for lead plaintiff, in that it has timely filed a motion for appointment as lead plaintiff; it has the largest financial interest in the outcome of this action; its claims are typical of those of the class; and it will fairly and adequately protect the interests of the class.

C.  Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). A court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Having carefully reviewed Ontario Teachers' motion, the Court finds that Ontario Teachers' selection of Labaton Sucharow LLP as lead counsel for the class and Ontario Teachers' selection of Richardson, Richardson, Boudreaux, Keesling, PLLC as local counsel for the class should be approved.

D.  Conclusion

Accordingly, the Court DENIES the Chesapeake Investor Group's Motion for Appointment as Lead Plaintiff, Approval of Co-Lead and Liaison Counsel, and Consolidation [docket no. 10] and the State Universities Retirement System of Illinois' Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel [docket no. 15] and GRANTS IN PART and DENIES IN PART Ontario Teachers' Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel [docket no. 9] as follows:

(1)  the Court DENIES Ontario Teachers' motion for consolidation as MOOT;

(2)  the Court GRANTS Ontario Teachers' motion for appointment as lead plaintiff and APPOINTS Ontario Teachers' to serve as lead plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

(3)  the Court GRANTS Ontario Teachers' motion for approval of selection of counsel and APPROVES Ontario Teachers' selection of Labaton Sucharow LLP as lead counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and Ontario Teachers' selection of Richardson, Richardson, Boudreaux, Keesling, PLLC as local counsel for the class. Lead counsel shall have the authority to speak for all plaintiffs and class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Lead counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, lead counsel shall have the following responsibilities:

   (a)  to brief and argue motions;

   (b)  to initiate and conduct discovery, including, but not limited to, coordination of discovery with defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

   (c)  to direct and coordinate the examination of witnesses in depositions;

   (d)  to act as spokesperson at pretrial conferences;

   (e)  to call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

   (f)  to initiate and conduct any settlement negotiations with defendants' counsel;

   (g)  to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

   (h)  to consult with and employ experts;

   (i)  to receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

    (j)    to perform such other duties as may be expressly authorized by further order of this Court.

**IT IS SO ORDERED this 20th day of July, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE